IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CR-161-BO-3
No. 7:16-CV-353-BO

| DARIUS MONTEA HOWARD, | ) |
| Petitioner, | ) |
| | ) |
| v. | ) | ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct

sentence pursuant to 28 U.S.C. § 2255 and the government's motion to dismiss pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure. Although given notice of his right to do so,

petitioner has failed to respond to the government's motion to dismiss and the matter is ripe for

ruling. For the reasons discussed below, the government's motion is granted and the petition is

dismissed.

## BACKGROUND

Petitioner (Howard), is currently serving a term of eighty-seven months' imprisonment

after being sentenced by this Court on September 19, 2012, following his plea of guilty without a

plea agreement to one count of interference with commerce by robbery and aiding and abetting

in violation of 18 U.S.C. §§ 1951 and 2. Howard did not notice a direct appeal of his conviction

or sentence. On October 17, 2016, Howard filed the instant motion pursuant to 28 U.S.C. §

2255, asking that the Court set aside his involuntary plea or resentence him and release him.

Howard, relying on the Supreme Court's recent opinion in *Johnson v. United States*, 135 S. Ct.

2251 (2015), argues that U.S.S.G. § 2B3.1(b)(2)(B), which was applied to increase Howard's advisory guidelines range by six levels, is void for vagueness and that he received the ineffective assistance of trial counsel when counsel failed to challenge the application of U.S.S.G. § 2B3.1(b)(2)(B) to his sentence. Howard further contends that trial counsel did not take the appropriate steps to ensure that Howard understood the nature of the charge against him prior to pleading guilty. The government has moved to dismiss, arguing that Howard's motion is untimely and that he is otherwise not entitled to relief.

## DISCUSSION

A motion to vacate under § 2255 must be filed within one year of the latest of four triggering events: (1) the date the judgment of conviction becomes final; (2) the date on which an impediment to making a motion that is created by the government is removed; (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review; or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)–(4). In his motion, Howard relies on the recent Supreme Court decisions in *Johnson*, *Welch v. United States*, 136 S. Ct. 1257 (2016), and *Beckles v. United States*, 137 S. Ct. 886 (2017),[1] as bases for the timeliness of his motion.

None of the cases upon which Howard relies to cause his § 2255 motion to be deemed timely provides Howard with a basis for relief. In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), is void for vagueness in violation of due process. 135 S. Ct. at 2557. Howard's § 2255 motion relates to U.S.S.G. § 2B3.1(b)(2)(B), which provides for a six level increase to a defendant's base offense level for

---

[1] The Court notes that the *Beckles* decision had not been handed down at the time Howard filed his motion. It thus cannot serve as a basis upon which to deem Howard's motion timely, and, alternatively, it does not provide a basis for relief for Howard and is thus inapplicable here.

2

robbery if a firearm was otherwise used. The language in the Armed Career Criminal Act which was struck down in *Johnson* as void for vagueness does not appear in U.S.S.G. § 2B3.1(b)(2)(B). In *Welch*, the Supreme Court held that *Johnson* is applicable to cases on collateral review. 136 S. Ct. at 1265. In *Beckles*, the Supreme Court recently held that provisions of the United States Sentencing Guidelines are not subject to void for vagueness challenges under the due process clause of the Fifth Amendment. *Beckles*, 137 S. Ct. at 894.

Accordingly, the cases upon which Howard relies do not provide him with a basis for relief and thus may not serve to make his petition timely under § 2255(f)(3). *See Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007) (newly recognized right asserted to obtain later commencement of limitations period under § 2255(f)(3) must be substantive right which forms the basis of the § 2255 motion). Howard's motion was filed more than one year beyond the date upon which his conviction became final, and he has come forward with no basis to conclude that his motion should be deemed timely under any of the remaining provisions of § 2255(f) or that equitable tolling should apply. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). The government's motion to dismiss the § 2255 motion as untimely is allowed.

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not

3

find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 155] is GRANTED and petitioner's motion pursuant to 28 U.S.C. § 2255 is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this ___ day of May, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4